S94Y0317. IN THE MATTER OF R. JOHN GENINS.
(442 SE2d 733)

PER CURIAM.

The State Bar brought a formal complaint against R. John Genins alleging that he violated Standards 4, 31, 45, 61, 63, 65 and 68 of the Rules and Regulations of the State Bar of Georgia. The special master found and the State Disciplinary Board Review Panel accepted the finding that in 1979 Genins was retained on a one-third contingency fee basis for the collection of debts owed to the client. In 1986, he obtained a judgment on behalf of the client and in late 1989 he collected by garnishment $7,230.80 which he deposited in his personal bank account. Soon thereafter, and without informing the client of the amount of the judgment, he asked the client's representative if she would accept $17,000 in settlement of the claim. He also at that time attempted to renegotiate his fee. Absent authorization and without renegotiating his fee, a few days later Genins entered a consent judgment/settlement and received a check for $50,194.73 as attorney for the client, which he also deposited in his personal bank account. At no time did Genins inform the client of his receipt of this sum. Genins then sent a letter and a check in the amount of $17,000 to the client stating that he assumed the client had agreed for its share of the recovery to be $17,000. Despite the client's repeated requests for a full accounting, Genins has never accounted for the amount recovered, expenses incurred, or fees earned.

The special master concluded and the review panel accepted his

---

conclusions that Genins violated Standards 4, 63, 65 (A) and (D) of Bar Rule 4-102 in that his conduct constituted dishonesty and deceit and in that he failed and refused to render an appropriate accounting to his client, commingled the client's funds with his personal funds, and received money on behalf of the client which was not deposited in a trust account. The special master recommended that Genins be disbarred unless he satisfied certain conditions. The review panel recommended that Genins be immediately suspended from the practice of law with such suspension to continue for 30 days after his fulfillment of the same conditions.

After reviewing the record, we adopt the findings of fact and conclusions of the special master and the review panel. Due to the gravity of Genins' conduct, we impose the following discipline: Genins is suspended from the practice of law effective March 28, 1994 for two years and, at the conclusion of such two years, Genins shall stand disbarred, unless he has fulfilled the following conditions: (1) certification to the Office of General Counsel of the State Bar together with satisfactory proof that, in addition to the $17,000 previously delivered to the client, he has delivered to the client's representative on behalf of the client the principal sum of $19,468.11 plus twelve percent interest per annum from March 27, 1990 until date of payment; (2) certification to the Office of General Counsel of the State Bar that he has completed, beyond the requirements of Bar Rule 8-104, an additional three hours each in continuing legal education professional responsibility and ethics courses; and (3) certification to the Office of General Counsel of the State Bar that he has established a trust account as required by Standard 65 and furnishing to the Office of General Counsel the trust account number together with the name of the institution where it is maintained. At the conclusion of said two-year period, the Office of General Counsel is directed to notify this court as to whether Genins has fulfilled such conditions. Genins is also reminded of the requirements imposed on him by Bar Rule 4-219 (c).

*All the Justices concur.*

DECIDED MARCH 28, 1994.

*William P. Smith III, General Counsel State Bar, Cynthia Hinrichs Acree, Assistant General Counsel State Bar,* for State Bar of Georgia.